IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
BATESVILLE DIVISION

VIRGINIA LOIS BOYD-KNIGHTEN,
ADC #707755                                                                              PLAINTIFF

VS.                              CASE NO. 1:06CV00018WRW/HDY

TOM BRADSHAW, et al.                                                      DEFENDANTS

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Court Judge William R. Wilson, Jr.   Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection.  If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection.  An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations.   The copy will be furnished to the opposing party.    Failure to file timely objections may result in waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence proffered at the hearing before the District
        Judge (if such a  hearing is granted)  was not  offered at  the
        hearing before the Magistrate Judge.

3.     The detail of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

## DISPOSITION

### I.  Introduction

This matter is before the Court on defendants' second motion to dismiss (DE #33).  Plaintiff has filed a response to the motion (DE #37).

Plaintiff is a state inmate incarcerated at the Wrightsville Women's Unit of the Arkansas Department of Correction.  She filed this action against defendants pursuant to 42 U.S.C. § 1983, alleging deliberate indifference to her medical complaints of angina and stroke symptoms.  Plaintiff asks for monetary and injunctive relief.

### II.  Motion to Dismiss

A.  Defendants' Motion

In support of their motion to dismiss, defendants state that for the second time, the plaintiff failed to appear at a scheduled deposition.    Defendants scheduled plaintiff's first deposition on September 29, 2006, but on that date, plaintiff refused to leave her cell to attend the deposition. Following that, defendants filed their first motion to dismiss, which this Court denied.  In the

December 13, 2006 Partial Report and Recommendation and the December 28, 2006 Order adopting

such, this Court directed defendants to re-schedule plaintiff's deposition and provide her with access

to her medical records.  The Court also directed plaintiff to attend the next deposition and  further

cautioned her that her failure to do so could result in another motion to dismiss her case.

Defendants further state that they re-scheduled plaintiff's deposition for January 18, 2007 and

notified her in advance of such, but when they appeared at the Unit, plaintiff again refused to leave

her cell and attend the deposition.  Defendants have provided transcripts of both the  September 29,

2006 and January 18, 2007 events, in which it is apparent that defendants and employees at the Unit

made numerous attempts to convince plaintiff to leave her cell to attend the deposition.  DE #33.

In support of their current motion, defendants state that they have incurred the time and

expense of scheduling and attending two different deposition dates, only to have plaintiff refuse to

attend.  Defendants ask the Court to sanction plaintiff by dismissing this action, citing Burgs v.

Sissel, 745 F.2d 526, 628 (8th Cir. 1984), where the court held that a district court has the power to

dismiss an action for the plaintiff's refusal to comply with a court order.

B.  Plaintiff's Response

In her response, plaintiff apologizes to the Court and states that she has been depressed and

did not open her mail for several weeks.  Therefore, she did not read about her scheduled deposition,

and became hysterical at the prospect of being part of a situation of which she was unaware.   She

acknowledges, however, that the situation was her fault, for not reading her mail.  Plaintiff also

alleges difficulties in visiting the law library, obtaining legal supplies, and obtaining medical

attention for her various ailments.

C.  Analysis

According to Fed.R.Civ.P. 37(d), failure of a party to attend a scheduled deposition can serve

as the basis for dismissal of the action.  In addition, Fed.R.Civ.P. 41(b) authorizes the Court to dismiss an action when a plaintiff fails to prosecute or comply with the Rules of Civil Procedure or an Order of this Court.

In this particular case, plaintiff has failed to comply with the Rules of Civil Procedure and with this Court's December 28, 2006 Order directing her to attend her next deposition.  Plaintiff's apology is insufficient at this point, in that she consciously chose to ignore her mail and she consciously chose to disregard defendants' numerous attempts to have her attend her depositions. In the April 17, 2006 Order of this Court granting plaintiff's application to proceed in forma pauperis in this lawsuit, the Court notified plaintiff of her responsibility, pursuant to Local Rule 5.5(c)(2), to comply with the Rules of the Court.  That Rule also provides, "it is the duty of any party not represented by counsel...to monitor the progress of the case, and to prosecute or defend the action diligently."  Therefore, by filing this lawsuit, plaintiff became responsible for prosecuting the lawsuit,  and because of her neglect in fulfilling those duties on more than one occasion, plaintiff must now suffer the consequences of her actions.  Accordingly,

IT IS, THEREFORE, RECOMMENDED that defendants' second motion to dismiss (DE #33) be GRANTED and that plaintiff's complaint be DISMISSED without prejudice, for failure to prosecute.

IT IS SO RECOMMENDED this __9____ day of February, 2007.


_____
United States Magistrate Judge